IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES UTHMEIER et al.,

    Petitioners,

v.

CASE NO. 4:25mc120-RH-MAF

META PLATFORMS, INC.,

    Respondent.

_____/

## ORDER COMPELLING DOCUMENT PRODUCTION

The petitioners, referred to in this order as the State, have moved to compel the respondent Meta Platforms, Inc. to produce some 4,000 documents identified by Bates numbers that were assigned when Meta produced the documents in an unrelated case. A protective order in that case prevents use of the documents for purposes unrelated to that case, but the order of course does not prevent Meta, the source of the documents, from using its own documents or producing them to others.

Meta asserts the documents are not covered by the subpoena and, in any event, are irrelevant to and outside the scope of discovery in *NetChoice v.*

*Uthmeier*, No. 4:21-cv-220 (N.D. Fla.), the case in which the subpoena was served. Meta is correct for some but not all of the documents.

As required by prior orders, Meta filed ex parte under seal 15 of the documents selected at random by me for *in camera* review, together with all family members of the 15 documents. The 15 documents were labeled exhibits 1 through 15, and the family members were given corresponding labels, for example, 1-A for the first family member of exhibit 1.

Four of the documents might have been within the scope of the subpoena. Others plainly were not. None have anything to do with the issues the State has identified as a basis for the subpoena.

The State asserts the First Amendment does not protect curating decisions made entirely by algorithms designed to show users what they wish to see. One might well assert that, if Meta makes some curating decisions in compiling a user's feed, it does not matter whether Meta also uses algorithms to maximize the content the user wishes to see. And one might well assert that a decision to show users what they wish to see is itself a curating decision subject to analysis under the First Amendment. But a party is entitled to pursue discovery on its own theory of the case. What matters for present purposes is that the State asserts—with at least some support from the various opinions in *Moody v. NetChoice*, 603 U.S. 707

(2024)—that the use of algorithms might sometimes affect the First Amendment analysis. This is enough to allow the State to pursue discovery on this issue.

The State's subpoena is too broad. Read literally, for example, request for production 7 apparently would require Meta to produce every post on Facebook and other platforms since 2020, at least to the extent Meta still has possession or control of them. *See* ECF No. 1-2 at 11 (requesting production of all documents from 2020 to the present "relating to Your content-moderation activities on Facebook, Instagram, Messenger, Threads, and WhatsApp"); *id*. at 8 (defining "[r]elated to" broadly to include, among other things, respecting, embodying, evidencing, or representing).

Meta argues with considerable force that a court should not rewrite an overly broad subpoena. And Meta argues with considerable force that its production of documents in one case under a protective order should not subject it to extraneous demands for the same documents in an unrelated case. Here, though, the production the State now seeks—and that this order compels—will be far more efficient and less burdensome than any alternative. It is a critical part of the analysis that the State has agreed to limit its demand for document production by Meta to an appropriate subset of the 4,000 documents.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel discovery is granted, the party or attorney whose conduct necessitated the motion

"must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion without attempting in good faith to obtain the discovery without court action, or the failure to make discovery was "substantially justified," or "other circumstances make an award of expenses unjust." Unless these conditions are met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here each side's position was substantially justified. This order does not award attorney's fees.

IT IS ORDERED:

1. For purposes of this order, "covered platform" means Facebook, Instagram, Messenger, Threads, or WhatsApp.

2. This order applies only to documents included within the roughly 4,000 listed by the State, ECF No. 1-9, and only to the period from 2020 to the present.

3. For purposes of this order, "curating" means covered platforms' content placement, ranking, removal, or moderation of any kind, including deplatforming of users.

4. By January 2, 2025, Meta must produce to the State all documents that:

   (a) Set out curating policies and procedures.

   (b) Show or discuss actual application of curating policies and procedures or deviations from or errors in applying curating policies and procedures.

   (c) Show or discuss actual application of algorithms in curating.

   (d) Discuss expected results of algorithms that, before or after the discussion, were actually used in curating.

   (e) Show whether and how covered platforms notify users of curating policies and curating decisions.

   (f) Show the error rate, as defined in the subpoena, in enforcing curating policies and procedures, or show how Meta calculates the error rate.

   (g) Show the prevalence rate or estimated prevalence rate of content that violates curating policies but has not been removed from a covered platform.

   (h) Show whether and how Meta uses machine-learning and artificial intelligence in curating.

5. Meta may designate the documents as appropriate under the applicable protective order in *NetChoice v. Uthmeier*, No. 4:21-cv-220 (N.D. Fla.).

6. This order does not affect Meta's obligation to produce documents it has agreed to produce that are not within the 4,000-document set. *See, e.g.*, ECF No. 1-8 at 7.

SO ORDERED on December 13, 2025.

s/Robert L. Hinkle<br>United States District Judge